United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Peter J. Graves,
    Debtor.
_____/

Case No. 10-53046-R
Chapter 7

William and Susan Simonson, et al,
    Plaintiffs,

v.

Adv. No. 10-07231

Peter J. Graves,
    Defendant.
_____/

Opinion Regarding Defendant's Motion to Dismiss Complaint

I.

On April 21, 2010, Peter J. Graves filed for chapter 11 relief. The case was converted to chapter 7 on August 16, 2010.

On November 8, 2010, a group of 18 investors filed this adversary proceeding against Graves to determine dischargeability of debt under § 523(a)(2)(A) and (a)(4). The plaintiffs alleged that they loaned money to Graves to be used for the acquisition and construction of real estate developments in Arizona. The plaintiffs further alleged that Graves was actually engaged in a Ponzi scheme and that all of their funds were used to support Graves's lavish lifestyle and to pay dividends to other investors. The original complaint contained two counts. Count I alleged that Graves procured loans from the plaintiffs through the use of false pretenses, false representations and actual fraud rendering the debt nondischargeable under § 523(a)(2). Count II alleged that the debts are nondischargeable under § 523(a)(4) because Graves embezzled the funds.

Graves filed a motion to dismiss that complaint. The Court conducted a hearing on February 7, 2011 and granted the motion to dismiss the § 523(a)(4) claim, with prejudice, and the § 523(a)(2) claim, without prejudice to the plaintiffs' right to file an amended complaint that complied with the specificity requirements of Fed. R. Civ. P. 9(b).

On March 30, 2011, the plaintiffs filed an amended complaint under § 523(a)(2). In the amended complaint, which contains 37 counts, the plaintiffs more specifically set forth their allegations of fraud with respect to each plaintiff.

Graves again followed with a motion to dismiss the amended complaint. Graves relies on the following arguments in support of his motion to dismiss: 1) the amended complaint lacks specificity as to why the statements were fraudulent; 2) the plaintiffs' use of the phrase, "upon information and belief," is insufficient because the complaint fails to set forth the factual basis for the plaintiffs' belief; 3) the complaint fails to identify the exact dates of the alleged misrepresentations, where they were made, or the specific content; 4) the statements alleged are not actionable misrepresentations; and 5) the plaintiffs have failed to allege facts showing that their reliance was reasonable.

In response to the motion to dismiss, the plaintiffs contend that they have provided sufficient detail in their amended complaint.

II.

When addressing a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). However, even

though all factual allegations are accepted as true, the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002). Instead, the focus should be upon "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 452 (6th Cir. 2003), and whether the complaint contains "either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007)).

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

As required by Fed. R. Civ. P. 9(b), made applicable to adversary proceedings by Rule 7009 of the Federal Rules of Bankruptcy Procedure, "[a]verments of fraud must be stated with particularity[, and] the threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendant[] to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'" *In re LTV Steel Co., Inc.,* 288 B.R. 775, 780 (Bankr. N.D. Ohio 2002) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)) (citation omitted). In order "to satisfy . . . Rule 9(b), 'the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud.'" *Hartley v. Elder-Beerman Stores Corp.* (*In re Elder-Beerman Stores Corp.*), 222 B.R. 309, 312 (Bankr. S.D. Ohio 1998) (quoting *Bell v. Bell*, 132 F.3d 32, at *5 (6th Cir. 1997)).

3

To except a debt from discharge under § 523(a)(2)(A) a creditor must prove the following four elements: "(1) the debtor obtained money [or services] through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss." *Rembert v. AT & T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277, 280-81 (6th Cir.1998) (footnote omitted).

Failure to plead an essential element of a claim of fraud warrants dismissal of the claim under Rule 9(b). *See, e.g., Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 491 (6th Cir.1990).

III.

As noted above, justifiable reliance is an essential element of § 523(a)(2)(A). Justifiable reliance is found where the plaintiffs prove that they actually relied on the defendant's representations and, based upon the facts and circumstances known to them at the time, that their reliance was justifiable. *Haney v. Copeland* (*In re Haney*), 291 B.R. 740, 767 (Bankr. E.D. Tenn. 2003). A creditor will be found to have justifiably relied on a representation even where that creditor "might have ascertained the falsity of the representation had he made an investigation." *Id.* at 767 (quoting *Commercial Bank & Trust Co. v. McCoy* (*In re McCoy*), 269 B.R. 193, 198 (Bankr. W.D. Tenn. 2001)).

Here, the plaintiffs allege that they relied upon the false representations. The plaintiffs have not pled that their reliance was justified nor have they pled any facts from which it could be concluded that their reliance was justified.

4

IV.

Graves also takes issue with the plaintiffs' use of the phrase "upon information and belief" in the complaint. In *Ferron v. SubscriberBase Holdings, Inc.*, 2009 WL 650731 (S.D. Ohio 2009), the court stated, "[a] plaintiff may plead fraud based 'upon information and belief,' but 'the complaint must set forth a factual basis for such belief, and the allowance of this exception must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.'" *Id*. at *5 (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 878 (6th Cir. 2006)). *See also Craighead*, 899 F.2d at 489-90 (Allegations of fraud "cannot be based upon 'information and belief,' except where the relevant facts lie exclusively within knowledge and control of the opposing party, and even then, the plaintiff must plead a particular statement of facts upon which his belief is based.").

The plaintiffs have not set forth the factual basis for the allegations made "on information and belief."

V.

With respect to the remaining grounds for dismissal that Graves asserts, upon review of the complaint, except as stated above, the Court is satisfied that the complaint states its claims for relief with sufficient particularity.

For these reasons, the Plaintiffs' amended complaint is dismissed. The Court will allow the plaintiffs one last opportunity to file another amended complaint. The deadline to file another amended complaint is 28 days.

Not for Publication

**Signed on July 20, 2011**

                                                                                     **/s/ Steven Rhodes**
                                                                             **Steven Rhodes**
                                                                             **United States Bankruptcy Judge**